# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Respondent/Plaintiff,

v.                                                   CV 08-0363 JB/WPL
                                                       CR 07-0388 JB

GREGORY PIERRE,

       Movant/Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Gregory Pierre pled guilty to a two count information charging conspiracy to possess with intent to distribute less than 100 kilograms of marijuana and possession with intent to distribute less than 100 kilograms of marijuana. (Doc. 122.)[1] The plea was pursuant to a Rule 11(c)(1)(C) plea agreement. The Honorable James O. Browning accepted the plea agreement and sentenced Pierre to 46 months' imprisonment. (Doc. 152.) Pierre has filed a motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. He contends that the plea agreement was factually incorrect and his sentence was incorrectly calculated under the U.S. Sentencing Commission Sentencing Guidelines (Sentencing Guidelines). Pierre further asserts that trial counsel was ineffective and that his plea was involuntary and unknowing. For the reasons that follow, I recommend that the motion be denied.

## PROCEDURAL BACKGROUND

On February 28, 2007, a grand jury returned a two count indictment charging Pierre with one

---

[1] All document number references are to CR 07-0388 JB.

count of conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana and one count of possession with intent to distribute more than 1000 kilograms of marijuana. (Doc. 15.) On August 13, 2007, Pierre pled guilty to both counts pursuant to a Rule 11(c)(1)(C) plea agreement. (Doc. 100.) The agreement stipulated a term of imprisonment of 46 months, assuming that Pierre would be eligible for such a sentence if sentenced under the Sentencing Guidelines. (*See* Doc. 100 at 3.) Upon reviewing the presentence report (PSR) at Pierre's October 30, 2007 sentencing hearing, Judge Browning noted that Pierre had not received the safety-valve reduction contemplated by the parties in estimating Pierre's guideline sentence range. (*See* Doc. 222 at 5.) Without the safety-valve reduction, both level A counts in the indictment carried a mandatory minimum sentence of 120 months, making the plea agreement's stipulation to 46 months inappropriate. Judge Browning continued the October 30 sentencing hearing to give both sides the opportunity to address this contradiction and salvage the plea. (*See* Doc. 222 at 8-9.)

On November 8, 2007, a second change of plea hearing occurred at which Pierre pled guilty to a two count information pursuant to a second Rule 11(c)(1)(C) plea agreement. (Doc. 166.) Pierre pled guilty to one count of conspiracy with intent to distribute less than 100 kilograms of marijuana and to one count of possession with intent to distribute less than 100 kilograms of marijuana. In exchange, the Government agreed to dismiss the indictment against Pierre. The plea agreement again stipulated a term of 46 months' imprisonment. Pierre also waived his right to appeal either his conviction or the imposition of the stipulated sentence. (Doc. 125 at 6.) As the charges in the information constituted level C offenses, the mandatory minimum sentence of 120 months no longer applied. (*See* Doc. 223 at 4.) On December 19, 2007, Judge Browning accepted the Rule 11(c)(1(C) agreement and sentenced Pierre to 46 months' imprisonment. (Doc. 223.) Pierre did not

directly appeal his conviction or his sentence, stating that he did not realize the ramifications of his plea until he had received all documentation, after the time to appeal had expired. (*See* Doc. 125 at 3.)

## PROCEDURAL DEFAULT

"The Supreme Court has 'long and consistently affirmed that a collateral attack may not do service for an appeal.'" *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Therefore, courts generally will not consider an issue raised in a § 2255 motion if that issue was not raised on direct appeal. *Id.* This rule applies even when a defendant waived the right to appeal as part of a plea agreement. *See United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995) (citing cases). But it does not apply to claims of ineffective assistance of counsel. *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995). The Government generally is obligated to raise procedural default in its response to a habeas petition, or risk losing the defense. *See Oakes v. United States,* 400 F.3d 92, 96 (7th Cir. 2005). Several circuits have held that the district court has the authority to raise questions of procedural default sua sponte in certain circumstances; however, the petitioner must be afforded an opportunity to respond. *See id.* at 98; *see also Hines v. United States,* 971 F.2d 506, 509 (10th Cir. 1992); *United States v. Willis*, 273 F.3d 592, 597 (5th Cir. 2001). In this case, the Government has not argued that any of Pierre's claims are procedurally barred. Rather, the Government has treated all of the grounds in Pierre's § 2255 motion as ineffective assistance of counsel claims. I read Pierre's claims as alleging both ineffective assistance of counsel and misapplication of the Sentencing Guidelines. However, since I find that Pierre's arguments regarding the Sentencing Guidelines fail on other grounds, I find it unnecessary to raise possible issues of procedural default.

3

## COGNIZABILITY AND RULE 11(C)(1)(C)

Pierre's first, third and fourth claims involve arguments that the Sentencing Guidelines were improperly applied. In his first claim, Pierre contends that the plea agreement he signed was "factually incorrect" because it stipulated a base offense level of 32, based on possession of 2,700 pounds of marijuana as originally charged, rather than the base offense level of 24 applicable to charges involving less than 100 kilograms of marijuana, as were the charges to which he pled guilty. (Doc. 220 at 6.) From this starting point, Pierre asserts that he should have received a three point downward departure for acceptance of responsibility (claim three) and a two point downward departure as a minor participant (claim four) resulting in an offense level of 19 and a guideline sentence range of 30 to 37 months (*See* Doc. 220 at 7, 8, 10-A.) Several circuits have found that errors in the application of the Sentencing Guidelines generally cannot be raised in a § 2255 proceeding. *See, e.g., United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *Scott v. United States* 997 F.2d 340, 342-43 (7th Cir. 1993). I am not aware of a Tenth Circuit case reaching the same conclusion. It is unnecessary to reach that issue here, however, as the Sentencing Guidelines are not applied to sentences imposed pursuant to a Rule 11(c)(1)(C) plea agreement. I will therefore address the claims on the merits. *See United States v. Talk*, 158 F.3d 1064, 1070 (10th Cir. 1998) ("Because we ultimately conclude that [the defendant] cannot substantiate the error he alleges, there is no need to resolve conclusively whether such error is actionable by means of a § 2255 petition.").

Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties may agree that a specific sentence or sentence range is the appropriate disposition of the case. FED. R. CRIM. P. 11(c)(1)(C). If a court accepts such a plea agreement, the court must impose the sentence stipulated to in the

4

agreement. *See id.* A sentence imposed pursuant to a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines. *United States v. Calderon,* 428 F.3d 928, 932 (10th Cir. 2005) (citing *United States v. Cieslowski*, 410 F.3d 353, 364-65 (7th Cir. 2005)). A court, however, "can and should consult the Guidelines in deciding whether to accept the plea." *Cieslowski*, 410 F.3d at 364. Pierre pled guilty pursuant to a Rule 11(c)(1)(C) agreement. (Doc. 125.) The agreement stipulated a term of imprisonment of 46 months as the appropriate disposition of the case. (Doc. 125 at 3.) The parties in their negotiations, and the Court in deciding whether to accept the plea, did consider the applicable sentence range under the Guidelines. (*See* Doc. 100 at 3 and Doc. 223 at 11-13.) However, the 46 month sentence arose from Judge Browning's acceptance of the Rule 11(c)(1)(C) agreement. Pierre's assertions regarding the applicability of the Sentencing Guidelines originate in paragraph nine of the plea agreement, which stipulates a base offense level of 32 and the two downward departures Pierre references in claims three and four. (Doc. 125.) Paragraph nine also specifically notes that the stipulations are "to assist the Court in determining the advisory sentencing guideline range that *would have applied* if the parties had not agreed to a specific sentence pursuant to Rule 11(c)(1)(C)." (Doc. 125 at 5 (emphasis added).) Since Pierre pled guilty under Rule 11(c)(1)(C) and agreed to a specific 46 month sentence, the Sentencing Guidelines do not apply. Accordingly, Pierre's first, third and fourth claims have no legal basis.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Pierre's second claim alleges that he received ineffective assistance of counsel. To make out a claim for ineffective assistance, Pierre must satisfy both parts of a two-part test, articulated by the Supreme Court in *Strickland v. Washington.* 466 U.S. 668 (1984). First, he must show that counsel's performance was deficient. *Id.* at 687. This requires a showing "that counsel made errors

so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance is highly deferential; thus, Pierre must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689. Second, he must show that counsel's deficient performance was prejudicial. *Id.* at 687. This requires showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. "In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

Pierre makes several serious allegations regarding his attorney's performance.[2] His assertions are too conclusory to establish ineffective assistance of counsel and are not supported by the record. Pierre claims that his attorney "communicated untruths, fabricated information, and refused to take his calls . . ." but fails to provide specific instances of such conduct. (Doc. 222 at 7.) Pierre also asserts that his attorney refused to provide requested documentation, pointing to repeated unanswered requests for a copy of his "final judgement of commitment." (Doc. 220 at 7-A.) Assuming this is true, failure to timely provide a copy of the final judgment after proceedings have come to an end does not amount to "failure so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Strickland,* 466 U.S. at 687.

---

[2] Pierre's § 2255 motion names three attorneys. The original, court-appointed attorney, Jason Bowles, withdrew on March 29, 2007 after the arraignment but before Pierre's first plea. (Doc. 42.) Subsequently Robert Gorence represented Pierre throughout the pretrial proceedings and plea negotiations and his associate, Louren Oliveros, appeared on behalf of Pierre at sentencing. Pierre's description of instances of alleged ineffective assistance reference both Gorence and Oliveros.

Construing Pierre's § 2255 motion liberally, allegations of attorney error can also be inferred from his first, third and fourth claims. In essence Pierre argues that, due to attorney error, the plea agreement he signed included an error in the base offense level from which the applicable sentence range was calculated, and as a result his sentence exceeded the sentence for which he was eligible under the guidelines. (*See* Doc. 220 at 6, 7, 8 and 10-A.) However, as described above, Pierre pled guilty under a Rule 11(c)(1)(C) agreement that stipulated the length of his sentence. Accordingly, he cannot show that he received a longer sentence because of any failure by counsel related to the Sentencing Guidelines.

To put Pierre's claims in context, it is useful to look at the progression of events from the first change of plea hearing on August 13, 2007 to the sentencing hearing on December 19, 2007. The first change of plea occurred on the day Pierre's criminal trial was set to begin. The record suggests that, due to the advocacy of Pierre's defense attorney, Judge Browning excluded the testimony of both of the Government's expert witnesses. (Doc. 100 at 3.) By the Government's own admission, the exclusion of its experts influenced the decision to offer a plea rather than proceed to trial. *Id*. The record shows that the first Rule 11(c)(1)(C) plea agreement was crafted the very morning of trial. (Doc. 222 at 4.) The agreement stipulated to 46 months' imprisonment on the assumption that, if Pierre was sentenced under the Sentencing Guidelines, he would be eligible for a sentence of 46 to 56 months. (Doc. 100 at 3.) When the presentence report showed Pierre ineligible for a 46 month sentence and subject to a mandatory minimum of 120 months, the parties requested a continuance of the sentencing hearing and undertook further negotiations to achieve the agreed-upon term. (Doc. 222.)

These negotiations resulted in the second Rule 11(c)(1)(C) plea agreement, also stipulating

7

46 months' imprisonment, that was adopted at sentencing. To avoid the mandatory minimum sentence required by the offenses charged in the indictment, the Government agreed to dismiss the indictment in exchange for Pierre's guilty plea to the two count information. (Doc. 166 at 8.) A revised PSR was issued reporting a guideline range of 57 to 71 months. (Doc. 223 at 6.) In accepting the Rule 11(c)(1)(C) agreement with a 46 month prison term, Judge Browning thus varied substantially from the guideline recommendation. He viewed the variance as justified by complications and weakness in the Government's case, some of which were caused by the Court's decision to exclude the Government's expert testimony. (Doc. 223 at 10-11.) In short, the record shows that Pierre originally faced the prospect of a mandatory minimum sentence of 120 months in prison, but was ultimately sentenced, pursuant to a negotiated plea agreement, to a substantially shorter sentence of 46 months. Pierre fails to show that his attorney's performance was constitutionally deficient as required by the first part of the *Strickland* test.

Pierre also fails to show a reasonable probability that his attorney's deficient performance prejudiced the outcome of the proceedings as required by the second part of the *Strickland* test. The record suggests that, rather than prejudice the outcome, the efforts of defense counsel benefitted Pierre by obtaining a 46 month sentence on charges that originally carried a mandatory minimum sentence of 120 months. Additionally, given his guilty plea, Pierre fails to show that, but for his attorney's errors, he would have insisted upon going to trial. The overall tenor of Pierre's § 2255 motion attacks the length of the sentence he must serve, not his guilty plea. (*See* Doc. 220 at 6, 10-A.) This is reflected in Pierre's request for relief which asks the court to 1) correct his sentence to reflect the proper guideline range for the charges to which he pled guilty, and/or 2) allow Pierre to withdraw his plea and "enter an open plea before the court . . . so [he] can realize relief by sentencing

8

to the correct offense level . . . ." (Doc. 220 at 10-A.) For the purpose of assessing the probability that, absent attorney error, Pierre would have proceeded to trial, it is important to note that Pierre pled guilty twice, pursuant to two different Rule 11(c)(1)(C) agreements. In the first agreement, he pled guilty to much more serious charges. The lesser counts charged in the information were the result of plea negotiations. Had Pierre declined this plea agreement, he likely would have faced the more serious offenses charged in the indictment, which carried a mandatory minimum sentence of 120 months. Considering the procedural history of the case--including two separate guilty pleas and extensive plea negotiations--the mandatory minimum sentence, and the relief now requested, Pierre has not established a reasonable probability that, but for his attorney's alleged errors, he would have insisted upon going to trial.

## VOLUNTARINESS OF PLEA

Pierre's second claim also includes allegations that his plea was "improperly obtained and was not done knowingly." (Doc. 220 at 7.) Pierre claims that his attorney yelled and intimidated him and threatened him with "12-14 years" if he did not sign the plea agreement. (Doc. 220 at 7.) Pierre's defense attorney very well may have "threatened" Pierre with 12-14 years if he did not sign the plea agreement. The record suggests that this was a realistic assessment of the sentence he likely would receive if convicted at trial, given the mandatory minimum required by the indictment's charges. Pierre's implication that what would otherwise be permissible attorney conduct in an effort to portray Pierre's alternatives rose to the level of impermissible threats and intimidation is not supported by the record. The record shows that at both plea hearings, Judge Browning and Magistrate Judge Schneider asked Pierre if he had been forced or coerced into pleading guilty and, in both instances, Pierre said no. (*See* Doc.100 at 9 and Doc. 166 at 6.) Furthermore, both Judge Browning and

9

Magistrate Judge Schneider asked Pierre if he was satisfied with the representation that his attorney provided. (*See* Doc. 100 at 7 and Doc. 166 at 4.) On both occasions he said yes. Pierre made these statements under oath. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Pierre further claims that he was unable to review his plea agreement prior to signing it at his sentencing and "was given the agreement right at the pulpit, not [two] minutes before sentencing." (Doc. 220 at 7.) In fact, the record shows that Pierre pled guilty pursuant to the second Rule 11(c)(1)(C) plea agreement more than one month before sentencing, at a change of plea hearing on November 8, 2007. (Doc. 166.) At that time, Magistrate Judge Schneider asked Pierre if he had had enough time to read and review the plea agreement with his attorney before signing it and Pierre responded yes. (Doc. 166 at 6.) Furthermore, the procedural history in the case suggests that Pierre was familiar with the general terms of the agreement and the issues surrounding the stipulated 46 month sentence for more than four months. Specifically, at the August 13 change of plea hearing, Judge Browning took pains to insure that Pierre understood that he was agreeing to a stipulated sentence of 46 months, but that Judge Browning would refrain from accepting that sentence until after he had seen the guideline range in the PSR. (*See* Doc. 100 at 12 and 20-21.) Pierre was present at the initial sentencing hearing on October 30 when Judge Browning noted Pierre's ineligibility for a 46 month sentence according to the PSR and granted a continuance for further negotiations. (Doc. 222.) At the second change of plea hearing on November 8, Pierre confirmed for the court his understanding of the terms of the Rule 11(c)(1(C) agreement as summarized by defense counsel, including the stipulated sentence in exchange for dismissal of the indictment. (Doc. 166 at 8.) Finally, at the sentencing hearing on December 19, Judge Browning asked Pierre whether

10

he had reviewed the revised PSR and understood the difference and he responded that he had. (Doc. 223 at 3-4.) The record does not support Pierre's claim that his plea was involuntary and unknowing.

## RECOMMENDED DISPOSITION

For the reasons stated above, I recommend that Pierre's motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255 (Doc. 220), be denied.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

*/s/ William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE